Mr. Mize. Good morning. May it please the court, my name is Jerome Mize. I am here on behalf of Petitioner Producers United, who are a group of companies who participate in EPA's Renewable Fuel Standard Program. Council, let me ask you that I hate to jump right in this quick, but this is going to be also important. Yes. Closing counsel, are we talking about really a remedial case? What's the remedy that is going to be available in this case? Is that really when we get right down to the nuts and bolts of it? The nuts and bolts of it, your honor, are whether the actions taken by EPA in granting... Now I understand that, but the question is, are you arguing that they're not, that the intervenors are not entitled to anything? We are not arguing that. That's, so it's a remedy, that's my words and I'm not holding you to that. Have you, have you proposed, if you're right, have you thought about what kind of remedy they, that the intervenors might be entitled to? Your honor, we believe that EPA is, has within its power any number of remedies which might be appropriate here. We don't view it as our client's prerogative to instruct or to opine on what that remedy might be. I agree with you there, but I just wanted to know from both counsel on both sides, is that what, where we really are? You're just saying the EPA and what they did in this instance, your argument is that was wrong. That's not the remedy that they should have had. That's correct, although I will say, your honor, that we have noted in our papers examples of alternative remedies that might have been appropriate as an alternative to the remedy that EPA chose. And your argument there is we'll wait and see if that turns out to be the way that we go. That's correct, your honor. Thank you. Let me start by saying that petitioner is challenging EPA's actions here on four grounds. The first ground is that EPA's decision to grant replacement RINs to people and required a notice and comment rulemaking procedure to authorize it. The statute itself specifically states those instances where notice and comment rulemaking are required. Those include the very issues that are at stake in this case. So our first argument is EPA failed to comply with its obligation to perform notice and comment rulemaking and therefore it's got to go back and do it over and what has now stands must be vacated. Item number two, the statute itself does not permit the action taken by EPA. It does not authorize EPA to in these circumstances. Nowhere in the statute is that option addressed. It is wholly outside those items which EPA is required to address through notice and the steps that are being challenged here. Well counsel can I just stop you there? So you say this the other statute precludes but are you arguing this statute just doesn't address it? It's just silent? I mean there's a difference between affirmatively precluding and just not addressing and I guess I'm wondering which of those positions are you taking? The statute is silent but where a statute mandates that a compliance scheme be embodied and promulgated through a notice and comment proceeding, the absence of any reference in the statute to this particular item is irrelevant. The statute says you must use a notice and comment process to fulfill the statutory mandate including those at issue in this case. So your honor yes the statute is silent except that it specifically mandates that notice and comment procedures be utilized in these circumstances. Thank you. You're welcome. I want to be sure are we talking about 40 CFR 80.1431? Is that is that what you're referring to as the the statutory? Yes. You said it already. Did you say statute? That's what he said. I'm sorry I didn't. I'm asking you you're citing the four bases and you're saying statute and I'm asking you are you actually referring to 40 CFR 80.1431 and that which follows? I am referring broader to that your honor. I am referring to section 0-2 which has a broad mandate that EPA promulgate regulations governing essentially the entire compliance scheme at issue under the renewable fuels standard and also section 0-5 which specifically addresses the credit provisions and likewise specifically mandates that credit provisions be addressed through notice and comment rulemaking. Well since you're looking at me let me follow up. Can you tell me what the role of deference to the agency would play here if any? It's let's go right to Chevron. It strikes us that the very first test of Chevron which is you know does the statute specifically address the matter at issue? Yes it does. To us that's the end of the inquiry. One need go no further in evaluating what form of deference might apply. So no no deference because we don't even get past step one? Well step one of Chevron is does the statute address the specific issue and our position is indeed it does. Well how do you distinguish the new star opinion by years ago where that's 857 F third 886 and he discusses the statute a similar statute and says it allows regulations to enforce the statute but it's not exclusive. How do you reconcile that decision with your position here? Are you going to respond to you on that case? I apologize. Well that and just sharing with you kind of my thinking as I've read through this we have a situation that occurred really as the genesis of this court and in what it did originally in regards to this saying that it was error for the EPA not to have granted the intervenors their exemptions. That's correct. So we start there and I'm kind of like Judge I had led me down this okay the EPA is searching for how to make the intervenors whole by their failing to grant the exemption which our like with your argument and if your argument holds true under the statute or under that regulation 40 that's the reason why I was asking have you thought of anything that they might do it's it's kind of catch you know or should we just leave the parties where they are? What we believe is the the appropriate approach here is for these decisions to be vacated for EPA to comply with its statutory obligation to go through a notice and comment process which ultimately will address presumably the remedy issue as well and that should be the procedural vehicle for making the Holly Frontier and Sinclair whole if they're entitled to be made whole and so basically you're saying you're seeking a procedural remedy. That's correct. Let me quickly move your honors to I think I've covered notice and comment rulemaking statutory requirements let me simply note that there are numerous perhaps even dozens of references in the paper in the pleadings regarding violations of EPA RFS regulations that likewise were violated. Let me ask you about one which totally confused me this is on pages 31 to 32 of your brief. Yes. Where you talk about the the RIMs can't accurately reflect the proper test temperature adjustment for the volume produced a proper equivalence value or the correct decode I mean that's just a statement out of the blue without any explanation. Do you want to try to explain what your what your problem there is well what your complaint is I should say. Our position is that all those issues all those many issues all those very technical issues which have arisen in the implementation of the renewable fuel standard should be we're advocating. In other words there are regulations which which. But what are the problems an RIN isn't an RIN? It has to be an RIN for certain temperatures or volumes or something? In short your honor yes. I'm not a chemist and I can't speak to the technical nuances of that particular element of what constitutes a RIN and what is permissible and what is not. It seems to me you're just I'm kind of worried my colleagues have been asking you about I don't know what the positions are but you're putting a lot of burden on rulemaking. We have we have two or three producers who are treated unfairly by EPA. They have to EPA is ordered by our court to re-examine the and you're saying at that stage you've got to create new regulations to deal with these couple producers in a very extraordinary circumstance? That's what you're saying. That seems to put a lot of burden on the rulemaking process. Well if the remedy that EPA granted was unlawful under the statute impermissible conflicted with both the statute and regulatory provisions I understand your concern it's an easy fix. But your conflicts that you're saying well you've taken you're over your time. Thank you. Good morning may it please the court my name is Dan Durkee from the United States Department of Justice representing US EPA. With me at council table is Mr. Ryan Morris who's representing the interveners. I'm going to try and conclude my remarks to give him about three minutes so that he can also address some issues. I had some prepared remarks to start with but I think what I'd like to do instead is jump right into some of the questions the court had and amplify and respond to some of those. First I agree your honor this is a question of remedy. EPA as the court knows was faced with the situation where it was in a adjudication it started through an adjudication made its decision that was appealed to this court was sent back so it's in a new adjudication to determine are these small refiners entitled to an exemption and decided yes they are. What do you do? It's a remedy question and we've cited in our brief and interveners have cited in their brief that agencies typically do have more leeway and discretion in crafting a remedy. The producers say that rulemaking is required. Rulemaking is not required for several reasons. Number one the statute does not actually require rulemaking for not only this specific situation but this general situation. It's true the statute does require there are regulations that govern these credit provisions these RINs and they're detailed regulatory provisions but as this court recognized in this fair case that doesn't apply to adjudicating to addressing the small refinery exemption. That is properly addressed by case-by-case adjudication as was done here and there's no requirement for EPA and the statute to develop regulations that govern not only how to to proceed but the specific question of what do you do when you get to the point where the remedy is unclear. Now let me ask you and just my thinking assuming that we get by this the statutory argument that opposing counsel has made and I want to move to the to the regulation 40 CRF the one I cited to him earlier and asking you do you as you read that regulation do you believe that those RIN replacements on that basis were invalid? I mean when you look at those four specifics that you in your regulation now how do you tell me how you get around that? So 1431 says invalid RINs are number one expired RINs right so EPA recognized that that would be a problem if EPA had just decided to return the RINs that were retired for compliance several years ago to these small refiners that would not work because they're expired it's been too long so EPA didn't do that if EPA had just returned the RINs and then these small refiners tried to use those for compliance they'd be invalid would not be a meaningful remedy so EPA did not return or did not give them expired RINs so they're not in these replacement RINs are not the same RINs they're standing in the place of the ones that expired so the replacement RINs that EPA granted are not expired they're new as of 2017 2018. Is that semantics or is there any substance to the difference? There is a substance because the the RINs which basically they're basically numbers they're numbers that represent fuel renewable fuel and those numbers have they have value it's kind of let's say like a Bitcoin they have value in the market but they expire after a certain defined amount of time but that excuse me for interrupt but that goes exactly to work I think Judge Hartz is asking isn't that just duplicity isn't that a duplicate which you can't do that they're not duplicative because those the original 2014 era RINs are still retired they did not come back to life they're not being used the duplicative problem would be if those RINs were still in the market and these new replacement RINs were also in the market and you had two sets of this commodity representing the same fuel but that's not what happened those RINs were incorrectly retired for compliance the small refineries didn't need to do that but EPA couldn't just give them back because they had expired their life had expired so to take the place of them they create they allow the creation of the replacement RINs so it's it's not a semantic difference because if what EPA had just done was allow these old 2014 RINs to be used again they wouldn't they wouldn't work because they're expired there needed to be a way to create a RIN that had some meaning okay which one of the four bases under 40 C of R are you claiming what you did was valid well what we're claiming is none of the four and apply to these because then the replacement RINs are not expired they were new and granted they're not duplicative because you don't have two RINs out in the world at the same time they do represent fuel just like the original ones represented fuel they represent actual renewable fuel and they're not I think the fourth one was otherwise improperly well if that's the then doesn't if you're not relying on showing on one of those four that it was legal doesn't the actions then in and of itself show that it was arbitrary and capricious no no you're right I don't think so because the regular 1431 and the rest of the regulations address how to generate RINs from renewable fuel and how those RINs are retired for compliance and what happens if there's an invalid RIN but there's a gap it doesn't address this situation this remedial situation where the RINs were retired for compliance purposes but then it turns out the small refinery doesn't actually have to retire any but if you just give those back they have no they're meaningless there's no there's there's not a meaningful remedy and then on top of that an important distinction here is that the delay in time that caused that problem was not due to the small refiner it was due to litigation and EPA was very careful in its decision document to say that that is the basis on which it was taking this action it wasn't announcing a general principle for all time it certainly wasn't announcing something that would be precedential because it chose to do it in an adjudication it was saying that on the specific facts of this case we think this is the best way to provide a meaningful remedy for the exemption okay just for purposes and I follow that argument but just for purposes what what did you think was your second best way to alleviate and provide a remedy well another option would have been simply to return the RINs that were retired for TPA would do if a small refiner went ahead and retired RINs to while its petition was pending go ahead and retire them for compliance and it turns out no you didn't have to you have the exemption you get those RINs back so the EPA could have done that and just stop there that would not have given these small refineries any meaningful relief I'm sure they would have sued us immediately saying that's not what this court in Sinclair had in mind when it adjudicate whether they're entitled to an exemption so EPA was in stuck in a hard place it didn't have a good clear remedy so it did the best it could recognizing that the regulations in the statute don't speak to this narrow situation they speak to other situations there's no discussion of say equitable tolling of the expiration time because of the litigation is that ever address I don't know if EPA considered that internally or not but we would have been if that had been the basis then the producers would have come in and said well the regulations do say that a RIN has a defined life the year that they were generated plus an additional year and if we had if EPA said well we're going to toll then they said then I imagine they would have said well now there's a specific regulation that says you can't do that and we would have to so I'm sure there's other ways that EPA could have tried to approach it but they all would have run into the same essential problem what do you have any good case law supporting your various arguments there's a common-sense appeal to it but we have to apply the law well there's I mentioned the one opinion by judge Santel for the DC Circuit with respect to the exclusivity of rule making which he said did not apply in similar circumstances but you have anything that would more closely fit this case I haven't found any cases that fit this particular fact pattern there are a lot of cases from the Supreme Court from the DC Circuit and from this court with for the more general proposition that is the same as a new star that in general agencies can by case-by-case adjudication or by rulemaking and there are cases that say that the agency not only has great discretion and making that election but that the case-by-case option is the better option if it's very fact specific and it's new it's something the agency hasn't faced before and the very case-specific fact-specific situations the Bell Aerospace from the Supreme Court talks about the agency's discretion this court's decision in wrap involved the agency adopting new penalty policy and the court said that it was okay to do that in case-by-case instead of a general regulation this court's case in American can also talked about questions of first impression where they could apply in a wide variety of circumstances and upheld the agency's decision to go case-by-case so the broader question there's a lot of case law supporting EPA's decision to craft a narrow remedy I haven't found any cases that deal with wins much less you know more broadly of this fact pattern I'm not sure that those are out there look how we hear your argument but what's and I understand you have some broad discretion but there's got to be some legal basis for exercising that discretion otherwise it falls in the category of arbitrary and capricious so how how was what let's just assume purposes are how are you going to convince the court this court that what you did even though it was a you know trying to make whole what this court did that what you did is not arbitrary and capricious and on the statutory on the authority for EPA to act we point to the statute 75 45 0 9 a which says small refineries don't need to comply with the renewable fuel obligation or the renewable volume obligation which means they don't need to retire RINs and that they can petition for that status that exemption at any time so EPA's now that obviously doesn't speak to this narrow situation of what happens if you go down that road they get the exemption but they've already retired the RINs so this is not a case where there's no statutory authority for instance if there's no statutory authority for an exemption at all and EPA said well you know what small refineries they're in a different position we're just going to exempt them that's a completely different case EPA is within the statutory framework of it's within the statutory framework of RIN retirement and it's trying to address that gap where neither the statute nor the regulations speak to what do you do if those two don't match up and specifically be not just they don't match up but specifically because the delay due to litigation well for your opposing or for your co-counsel in this matter and I assume you're going to give him a minute or two but I noticed somewhere back in the middle of this proceedings there was a letter from the interveners that to me I read as being cautioning the EPA about doing it the way you were going to do it and I need to hear from pros your counsel as to what that okay please yeah that'd be a good segue thank you you heard my question you know it's the let I can't trying to undo what like I say giving credit to this court for creating to begin with didn't you write a letter to the EPA that in essence as I read it was putting them saying hey be careful this way because and that's my paraphrase there was a settlement proposal at one point you're correct that there was a settlement proposal in there there the situation was slightly different in that they caution EPA to not create RINs wholesale from whole cloth just create them out of nothing and that's not what EPA did here as counsel and just indicated they did something different where they had replacement RINs they're not just making new RINs that wouldn't represent actual fuel going judge Hart limited time but going to your point of question or case law for this I direct the court's attention to Niagara Mohawk out of the DC Circuit and judge Leventhal in that case describes a situation in which FERC through an order an implied authority in an adjudication went back and retroactively backdated a license to conduct that would have otherwise been unlawful and that was part of a remedy that the agency had at that time given its authority a similar authority here under o9 where it says the EPA will act on petition not through notice and comment rulemaking as it says in o2 but through petition grant these small refinery exemptions and on that basis and on that case law I would say that there was authority to do what EPA did here see my times up Thank You counsel thank you Thank You counsel cases submitted counselor excused